O’Neall, J.
This was an action of debt on two sealed notes: the defendant pleaded non est factum and debit. At the trial, he proposed to prove that the sea^e(^ n°tes had been taken on a settlement between the parties; that, in that settlement, there was a mistake in favor of the plaintiff, and that consequently, the notes were for a larger sum than was really due. presiding Judge excluded the defence, and the question is as to the correctness of that decision.
If the action had been assumpsit on promissory notes, there could be no doubt after the cases of Hampton v. Blakely, 3d M’C. 469, and M’Creary v. Jaggers, (reported in a note, 3d M’C. 473,) that the de-fence ought to have been heard under the general issue, and if made out by the evidence, that it must have been sustained to the extent of the mistake proved. In such an action, there could have been no force in an objection that notice of the defence had not been given. It is not matter of discount within the meaning of the case of Farrow v. Mays, 1 N. & M’C. 312. That case states the rule to be “where the defence goes to shew a total failure of the consideration it may be given in evidence under the general issue, so if there has been a recision of the contract; but when the defence only goes to shew a defect in the article conveyed, or a defective title to a part of the article, or to one or more when the contract embraces several, it must be made by discount.” This rule supposes that, at the time the contract was made, a consideration actually existed which the parties supposed to be an equivalent to the amount to be paid; but that subsequently, it has been discovered from a defect in the article, or the title, that it has failed pro tanto. But in the case of ii mistake there never was, so far as the mistake extends, any consideration for the contract, and hence, so far, the party never was bound by *371 it. In assumpsit, the enquiry is under the general issue, whether there was a good and valid subsisting contract at the time of action, brought. Any thing which goes to shew that it was not, either in whole or in part, is admissible. A failure of consideration, from a defect in the article or title, is in the nature of an action on the warranty, for damages; and hence the discount as a cross action, is the party’s only proper remedy.
Ervin, for the motion.
Sims, contra.
In the case before us, the action is debt, and the question is, could the proof offered be received under the plea of non est factum. For as to the plea of nil debit, it was clearly insufficient. 1 Chitt. Plead. 478.
In the case of Bollinger v. Thurston, 2 Con. Rep. (Mill) 447, it was held in conformity with the English rule, 1 Chitt. Plead. 479, that even an entire failure, or rather absence of consideration, could not be given in evidence under the general issue of non est factum. With this decision I am entirely satisfied. The plea only puts in issue the legal execution of the deed, and any thing which goes to shew that the deed was not at all in law, valid or binding at the time of its execution, may be given in evidence under the general issue : but any thing which admits the legal execution of the deed, but undertakes to avoid it entirely, from failure of consideration, or in part, from a mistake in a part of the amount of the consideration, must be at common law, specially pleaded.
The notice mentioned in the brief, is no notice of a mistake in the settlement, but of antecedent payments not credited on the plaintiff’s books, (and requires the plantiff to produce his books.) This may be so, and if the defendant knew it when he gave his notes, there was no mistake. To let the defendant into the de-fence under the notice (instead of a plea) according to the act of 1831, it ought to have relied on and pointed out the mistake.
Johnson & Harper, Js. concurred.